# Charles, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence — Railroad — Crossing accident — Evidence—"Stop, Look and Listen"—Contributory negligence.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, who was struck by a locomotive while crossing defendant's track in a public street, the court did not err in entering judgment for the defendant non obstante veredicto where the negligence alleged was the failure to give a warning, and it appeared that one of the two witnesses who testified that they heard no warning did not arrive until the locomotive was out of sight, and the other was engaged in conversation with a friend as the train approached; while five disinterested eye-witnesses testified in behalf of the defendant that the headlight of the locomotive was lit, and the bell was rung, and disinterested eye-witnesses testified that deceased walked straight in front of the locomotive with his head down and his hands in his pockets, apparently in deep study, at a point where there was an unobstructed view of 800 to 1,000 feet so that if deceased had stopped, looked and listened he must have been aware of the approach of the locomotive.

Argued April 14, 1914. Appeal, No. 380, Jan. T., 1913, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1909, No. 782, for defendant n. o. v. in case of Angeline Charles v. Lehigh Valley Railroad Company. Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed:

Trespass to recover damages for the death of plaintiff's husband. Before FULLER, P. J.

The facts appear in the following opinion of FULLER, P. J. sur defendant's motion for a new trial, and for judgment n. o. v.

This action was brought to recover damages for the death of plaintiff's husband, who was killed by a locomotive while crossing defendant's west-bound railroad track on Broad street in the City of Hazleton.

The specific and only negligence averred as the foundation of defendant's liability was the lack of warning,

In support of these motions defendant urges:

(1) The absence of affirmative proof establishing negligence of the defendant;

(2) The presence of affirmative proof establishing contributory negligence of the deceased.

The sum total of plaintiff's proof on both branches of the case was:

(1) The negative testimony of two witnesses that they heard no warning.

One of these witnesses did not arrive on the scene of the accident until the locomotive was out of sight, and the other was engaged in conversation with a friend.

A third witness when called and examined by the plaintiff respecting the occurrence was not asked about the warning at all, but the same witness when afterwards called by defendant testified that a warning was given.

(2) The bare presumption of law in favor of the deceased that he stopped, looked and listened.

This meagreness was met by the defendant with, (1) the positive testimony of five disinterested eye-witnesses, including the one above mentioned, in addition to the engineer on the locomotive, that the head-light was lit and the bell was rung; (2) the testimony of one disinterested eye-witness that deceased had his head down and hands in pocket and was apparently in a deep study; the testimony of still another disinterested eye-witness that he kept right on moving; the testimony of still another disinterested eye-witness that he walked straight in front of the locomotive; the testimony of still another disinterested eye-witness who walked with the deceased as far as the east bound track, saw the locomotive, and stopped to let it go by, while the deceased with head bowed and hands in pocket walked straight on and was struck; the physical fact that there was at the crossing an unobstructed view of the track for 800 to 1,000 feet in the direction from which the locomotive approached; the mental, moral, and physical certainty that if the deceased had stopped, looked and listened, or even looked before going upon the west-bound track, he must have seen the locomotive.

It seems to be a case in which the plaintiff's negative weakness is overwhelmed by the defendant's positive strength.

We have given all possible consideration to the argument of counsel for plaintiff, who has argued with great force and ingenuity the long diagonal character of the crossing, the noise of the train passing on the same track just before the accident, the position of the arc light on the street possibly affecting the vision of the deceased, the sufficiency of the bell as a warning, and certain inconsistencies developed on cross examination of defendant's witnesses, as matters whose bearing upon the question of negligence and contributory negligence could not be withdrawn from the jury; but we feel constrained to conclude nevertheless that the verdict in favor of the plaintiff cannot be sustained on the evidence, and that

defendant's request for binding instructions should have been affirmed.

Verdict for plaintiff for $2,700 and judgment thereon. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned,* among others, was the judgment of the court.

*Abram Salsburg,* with him *Mose H. Salsburg* and *E. Lynch,* for appellant.

*P. F. O'Neill,* with him *F. W. Wheaton,* for appellee.

PER CURIAM, May 22, 1914:

This judgment is affirmed on the concise and clear opinion of the court below entering judgment for the defendant non obstante veredicto.