# Kemmler, Appellant, v. Pennsylvania Company.

*Negligence—Railroads—Grade crossing—"Stop, look and listen" —Death—Contributory negligence—Evidence.*

1. No damages can be recovered for the death of a pedestrian, killed at a grade crossing at night, where it appears that no one saw the accident; that deceased was familiar with the crossing; that the train which was alleged to have struck him was running backwards at the rate of ten miles an hour with the tender in front, on which were two lights; that the bell on the engine rang continually and automatically; that a whistle was blown two squares away, and that at a distance of forty feet from the track there was a view of the track for a distance of over three hundred feet which increased as one approached the rails to a distance of two thousand feet at fifteen feet from the track. Such a state of facts discloses no negligence of the defendant, but discloses contributory negligence on the part of the deceased.

2. A man cannot be heard to say he looked and listened if, in spite of what must have been obvious, he walks directly in front of an approaching train.

*Negligence—Evidence—Burden of proof—Two or more causes— Warning—Positive and negative testimony.*

3. In a negligence case the burden of proof is on the plaintiff to show that the defendant's negligence was the sole and proximate cause of the injury to the exclusion of other causes. It is insufficient merely to show that the injury may have been due to one or more causes, for only one of which the defendant would be responsible.

4. Testimony of plaintiff's witnesses that they heard neither bell nor whistle is without avail in the face of positive testimony of

witnesses for plaintiff and defendant to the effect that the bell and whistle were both heard.

Argued April 28, 1919. Appeal, No. 183, Jan. T., 1919, by plaintiff, from judgment of C. P. Erie Co., Nov. T., 1916, No. 136, for defendant n. o. v. in case of Elizabeth Kemmler v. Pennsylvania Company. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before WHITTELSEY, J.

The jury returned a verdict for plaintiff for $2,900. Subsequently the court entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*M. Levant Davis,* for appellant.

*S. Y. Rossiter,* for appellee, was not heard.

OPINION BY MR. JUSTICE FRAZER, June 21, 1919:

Plaintiff's husband died from injuries received at a grade crossing in the City of Erie as he was returning from work shortly after 9:30 p. m., March 29, 1916. He was seen a short distance from the crossing and was next heard calling for help, by a watchman at a factory nearby, who found him lying between the tracks of defendant company and those of the New York Central railroad which run side by side at this point. Deceased, with both legs severed from the body, was lying about ten feet from defendant's tracks and twenty-five or thirty feet beyond the crossing. No one saw the accident and direct proof that he was struck by one of the defendant's trains is wanting. While it is conceded a train of defendant company passed this point about the time of the accident, the testimony shows that two trains passed over the

crossing on the New York Central tracks at practically the same time. Although there are circumstances in connection with the accident indicating defendant's train, rather than one of those of the New York Central, struck plaintiff's husband, a serious question exists as to whether the evidence was sufficient to establish the liability of defendant within the rule which casts upon plaintiff the burden of showing that defendant's negligence was the sole and proximate cause of the injury to the exclusion of other causes, it being insufficient to merely show the injury may have been due to one or more causes, for only one of which defendant would be responsible: Bruggeman v. City of York, 254 Pa. 430; Erbe v. Phila. Rapid Transit Co., 256 Pa. 567. Assuming the evidence tending to show deceased was injured by defendant's train was sufficient, the action of the trial judge in entering judgment for defendant non obstante veredicto was proper for the reason the evidence clearly fails to convict defendant of negligence and on the contrary shows contributory negligence on the part of deceased.

The train in question consisted of empty passenger coaches with the engine attached to the rear car and running backwards with the tender in front on which were two lights. The bell on the engine being of the type operated automatically by air pressure was ringing continually. There is also positive testimony of witnesses on the part of plaintiff and defendant that the whistle was blown within two squares from the crossing, and that the speed at which the train was running at the time was at the rate of from six to ten miles an hour. Although a derrick car stood on the siding near the crossing, at a distance of forty feet from the main track, there was a view of the track for a distance of over three hundred feet which increased as one approached the rails to a distance of two thousand feet at fifteen feet from the track. These facts are substantially undisputed and, while there is testimony of witnesses for plaintiff to the effect that they heard neither bell nor whistle, this was

without avail in the face of the positive testimony of witnesses called by plaintiff and others by defendant to the effect that the bell was ringing: Leader v. Northern Central Ry., 246 Pa. 452; Charles v. L. V. R. R., 245 Pa. 496. We find nothing in the evidence sufficient to show a negligent omission of duty on the part of defendant.

The evidence as to physical conditions at the point of the accident also leads to the conclusion that deceased contributed to his injury by negligence on his part. While it is true the law presumes he performed the duty required of him to stop, look and listen, no sufficient excuse appears for his failure to observe the slowly approaching train of which he had ample view. He was familiar with the crossing and had apparently been in the habit of passing over it daily in going to and returning from his work. The speed of the train was probably not more than two or three times greater than his own when walking and the engine necessarily must have been practically at the crossing at the time he reached it. A man cannot be heard to say he looked and listened if in spite of what must have been obvious he walks directly in front of an approaching train: Carrol v. Ry., 12 W. N. C. 348; Miller v. Ry., 257 Pa. 517. Manifestly deceased either did not look and observe the approaching train, or having seen it attempted to cross ahead of it. In either case he was guilty of negligence sufficient to prevent recovery in this action.

The judgment is affirmed.