# Smith, Administratrix, Appellant, *v.* McAdoo, Director General.

*Negligence—Railroads—Grade crossing accident—Contributory negligence of taxicab driver—Stop, look and listen—Rebuttal by facts—Train in plain view.*

1. A verdict was properly directed for defendant in an action to recover damages for death of plaintiff's decedent caused when, early in the morning, he drove a taxicab over a railroad crossing and collided with a locomotive that was running backwards with the tender in front, where, although plaintiff's witnesses testified that "it was dewey, like foggy, like early in the morning.....dark," that the crossing gates were open, that neither the locomotive nor the tender carried a light, that no bell was sounded to give warning of approach, and that plaintiff's decedent stopped and looked before crossing the first tracks, such witnesses admitting a nearby electric arc light shed its rays so that a view could be had from 100 to 150 feet in the direction from which the locomotive was slowly approaching, and that the taxicab was pushed about 25 or 30 feet, within which distance the locomotive came to a standstill.

2. In such a case it is vain to say that the deceased looked, for, if he had, he must have seen the locomotive in the direction from which it was approaching at the low rate of speed shown in plaintiff's presentation of the case.

Bernstein v. Pennsylvania R. R. Co., 252 Pa. 581, followed.

Argued January 9, 1920. Appeal, No. 100, Jan. T., 1920, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1917, No. 4882, on verdict which the court directed for the defendant in the case of Mae J. Smith, Administratrix of Benjamin Smith, deceased, v. William G. McAdoo, Director General of Railroads. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's decedent. Before FINLETTER, J.

After the close of defendant's testimony the trial judge directed a verdict for defendant.

The court refused a new trial and judgment was entered for defendant. Plaintiff appealed.

*Errors assigned* were giving binding instructions for defendant, entering judgment for defendant and ruling on evidence.

*I. G. Gordon Forster,* of *Evans, Forster & Wernick,* for appellant.—There is no rule of law which requires the traveler who has crossed the first track to stop again between the tracks: Penna. R. R. v. Garvey, 108 Pa. 369; Waltosh v. Penna. R. R., 259 Pa. 372; Benner v. Phila. & R. Ry., 262 Pa. 307.

The presumption is that the deceased acted with due care: Hugo v. B. & O. R. R., 238 Pa. 594; Benner v. P. & R. Ry., 262 Pa. 307.

The "safety gates" at the crossing were raised which in itself was an invitation to the deceased to cross: Messinger v. Penna. R. R., 215 Pa. 497; Siever v. Pgh., C., C. & St. L. Ry., 252 Pa. 1.

*Francis B. Biddle* and *Sharswood Brinton,* for appellee.—Where it is evident that had the deceased stopped, he must have seen the oncoming locomotive, in spite of evidence to the effect that he stopped, looked and listened, it is the duty of the trial judge to enter binding instructions for defendant: Carroll v. Penna. R., 12 W. N. C. 348; Myers v. B. & O. R. R., 150 Pa. 386; Beynon v. Penna. R. R., 168 Pa. 642; Sullivan v. N. Y., L. E. & W. R. R., 175 Pa. 361; Hess v. Williamsport, etc., R. R., 181 Pa. 492; Goller v. B. & O. R. R., 229 Pa. 412; Paul v. Phila. & Reading R. R., 231 Pa. 338; Bernstein v. Penna. R. R., 252 Pa. 581.

OPINION BY MR. JUSTICE MOSCHZISKER, February 2, 1920:

The court below entered judgment for defendant upon a directed verdict, and plaintiff has appealed.

Early in the morning of February 16, 1918, Benjamin Smith, plaintiff's decedent, was driving a taxicab south on 17th street, Philadelphia; when he came to the railroad tracks at Washington avenue, a collision occurred between his car and one of defendant's locomotives, causing injuries to Smith from which he soon died.

The details of the accident are given by two of plaintiff's witnesses, who were with him at the time. These men testified that, when some 100 feet from the tracks, Smith slackened the speed of his car; when the automobile reached the railroad, the gates were standing upright; he stopped "about 3 feet from the first track," leaned over the wheel and looked east and west; apparently observing no danger, he started across at a very low rate of speed, one witness saying a mile an hour and the other, not more than four miles; when the automobile was about to enter the third track, observing a locomotive and tender approaching thereon from the west, he quickly threw his car to the east, but not in time to avoid being struck; the automobile was pushed "about 25 or 30 feet," within which distance the locomotive, running backwards with the tender in front, came to a standstill.

Plaintiff's witnesses testified neither the locomotive nor tender carried a light, and that no bell was sounded to give warning of approach; but they admitted the presence of an electric arc light at the corner of 17th street and Washington avenue, which shed its rays so that a view could be had to the west "from 100 to 150 feet."

One of plaintiff's witnesses did state "it was dewey, like foggy, like early in the morning......dark," adding that "looking into the light kind of blurred my eyes"; but, nevertheless, this man distinctly said he "could see as far as the light shone," namely, from 100 to 150 feet.

The only testimony as to speed of the locomotive was given by witnesses for defendant, who said that, immedi-

ately before the collision, it was going "about three miles an hour"; one witness stated this rate had been maintained all the way from 21st street, but another testified to a speed of "about six miles" which was reduced to three before they "went over the crossing." However this may be, it is apparent the locomotive was moving at a very low rate of speed, as shown by the facts proved in the presentation of plaintiff's case.

We concur in the view expressed by Judge FINLETTER of the court below, entering judgment for defendant: "It is plain......the driver of the cab could not have looked in the direction of the train before he started to cross.   The scene was illuminated for 150 feet to the west, whence the train was approaching at the rate of three miles an hour; and the cab was struck when it was half over the tracks.   It is truly incredible that an object as large as a railroad car could not have been seen by a person so close to it, and who looked for it under the conditions of lighting stated."

We likewise agree with the court below that this case is practically ruled by our decision in Bernstein v. Penna. R. R. Co., 252 Pa. 581, 585, and that, as there said, it is vain for anyone to assert a driver looked and listened, if, "in spite of what his eyes and ears must have told him," he drove directly in front of a moving locomotive, as did plaintiff's decedent in this case; see also Kipp v. Central R. R. Co. of N. J., 265 Pa. 20, 24.

While, of course, our decision is based entirely upon plaintiff's testimony, it may be observed that the story told by defendant's witnesses, including one who was in the taxicab at the time of the accident, indicates that Smith, driving at the rate of at least twenty-five miles an hour, without stopping, suddenly shot out upon and struck the approaching locomotive, which was going so slowly that it almost immediately came to a halt.

The third assignment of error, which embraces a ruling on the evidence, was abandoned at argument; the

other two, complaining of binding instructions for defendant and the judgment subsequently entered in its favor, are overruled.

The judgment is affirmed.