## Szmigel *v.* Director General of Railroads, Appellant.

*Negligence—Railroads—Grade crossing accidents—Contributory negligence—Stop, look and listen — Rebuttal by facts — Train in plain view.*

In an action to recover damages for personal injuries, a verdict for the plaintiff will be reversed, where the evidence shows that the accident took place in broad daylight, that the plaintiff had stopped at a point where his view was obstructed by a watchman's box,

230, (1921).]           Syllabus—Arguments.

but that after he had passed that point he could have seen for a distance of half mile if he had looked, and that he testified that he did not see the train until it was within 175 feet of his automobile.

The duty of one about to pass over a grade crossing to be watchful, is not discharged by stopping and looking at a place where he cannot see; he must continue to carefully observe conditions as he proceeds until the zone of danger is passed.

If the plaintiff had looked after he had passed the watchman's box he must have seen the train somewhere upon the track which, according to his own admission, was visible for a half mile. He either saw the train and took chances of getting over before it reached the crossing or he did not look. It is vain for a plaintiff to assert that he looked, when, under the conditions to which he testifies as existing, if he had looked, he must have seen the train, directly in front of which he drove.

Argued October 7, 1920. Appeal, No. 195, Oct. T., 1920, by defendant from judgment of C. P. No. 1, Phila. Co., March T., 1918, No. 4633, on verdict for plaintiff in the case of Stanley Szmigel v. Director General of Railroads, United States Railroad Administration, operating Philadelphia & Reading Railroad. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SHOEMAKER, J.

Verdict for plaintiff for $1,500 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Wm. Clarke Mason,* for appellant, cited: Hare v. Phila. & R. Ry. Co., 65 Pa. Superior Ct. 39; Thompson v. Phila. & R. Ry. Co., 263 Pa. 569; Kipp v. Central R. R. of N. J., 265 Pa. 20; Smith, admr., v. Director General of Railroads, 266 Pa. 328; Gasser v. Phila. & R. Ry. Co., 266 Pa. 493; Provost v. Director General of Railroads, 265 Pa. 589.

*Louis Goodfriend,* for appellee.

OPINION BY PORTER, J., March 5, 1921:

The plaintiff sustained injuries when his autotruck, which he was attempting to drive over a grade crossing, was struck by a passenger train, and brought this action to recover damages for such injuries, averring that they resulted from the negligence of the employees of the defendant. He recovered a judgment in the court below and the defendant appeals.

The plaintiff relied solely upon his own testimony, calling no other witness as to the circumstances in which the accident occurred. He stated that as he approached the crossing, the safety gates being up, he stopped at a point where the front of his truck was ten feet from the first track, his seat upon the truck was five feet back of the front of the vehicle, placing him fifteen feet from the track, there were two tracks to be crossed, the first being the southbound, the other the northbound track, the space between the two being eight or ten feet. His view, from the point where he stopped, toward the south, from which the train came that struck him, was obstructed by the watchman's box and he could see along the northbound track, in the direction from which the train came, only about one hundred and seventy-five feet. He then proceeded, passing the watchman's box which stood about eight or ten feet from the track, drove across that space, passed the first or southbound track without mishap and when the front wheels of his truck were about to enter the second or northbound track he saw a passenger train rapidly approaching upon that track and only about one hundred and seventy-five feet distant, he tried to increase the speed of the truck and pass in front of the train, but the hind part of the truck was struck by the locomotive. He testified that he was driving at the rate of between three and five miles an hour and that he could stop the truck within five feet. The accident occurred in broad daylight, between one and two o'clock in

the afternoon. His testimony clearly demonstrated that, from the moment he had passed the watchman's box and before the truck had entered upon the first track, until he drove in front of the approaching train, his view of the tracks towards the south for half a mile was unobstructed. It is clear beyond question if he had looked with attention, as was his duty, he must have seen the approaching train. It is true that he said he looked, but his testimony as to this matter was shifting and evasive. His cross-examination brought out the following admission:

"Q. You looked, as I understand it, at a position where the watchman's box prevented you from seeing the track? When you first looked, the watchman's box interfered with you?

"A. Yes, sir.

"Q. Then the next time you looked, the train was 175 feet away from you?

"A. As I went on the second track?

"Q. Yes.

"A. Yes, sir; I seen the train coming."

Trains move along the tracks. When a track is plainly visible for half a mile, a train does not suddenly come out of the air and appear upon that track at a distance of only one hundred and seventy-five feet from a grade crossing. The duty of one about to pass over a grade crossing to be watchful is not discharged by stopping and looking at a place where he cannot see; he must continue to carefully observe conditions as he proceeds until the zone of danger is passed. If this plaintiff looked after he had passed the watchman's box he must have seen the train somewhere upon the track which according to his own admission, was visible for half a mile. He either saw the train and took chances of getting over before it reached the crossing, or he did not look. It is in vain for a plaintiff to assert that he looked when, under the conditions to which he testifies as existing, if he had looked, he must have seen the train, directly in

front of which he drove. The injury received by the plaintiff was attributable solely to his own carelessness: Thompson v. Philadelphia & Reading Ry. Co., 263 Pa. 569; Kipp v. Central R. R. Co. of New Jersey, 265 Pa. 20; Provost v. Director General of R. R., 265 Pa. 589; Smith v. McAdoo, Director General, 266 Pa. 328; Gasser v. Phila. & R. Ry. Co., 266 Pa. 493; Luken v. Pennsylvania R. R., 267 Pa. 315. The point of the defendant requesting binding instructions ought to have been affirmed and the motion for judgment non obstante veredicto must prevail.

The judgment is reversed and judgment is now entered for the defendant.