# Radziemenski, Appellant, *v.* Baltimore & Ohio R. R. Co.

*Negligence—Railroads — Collision between train and wagon— Crossings—"Stop, look and listen"—Evidence—Physical facts— Death—Contributory negligence—Taking chances.*

1. In an action for death at a grade crossing resulting from a collision between a train and a wagon, no recovery can be had where the evidence indicates that either the deceased failed to look and observe the approaching train, or, having seen it, decided to take the chances of an attempt to cross the tracks ahead of it.

2. Where an infallible mathematical test is applied to the testimony of a witness, and the witness is found to be mistaken in a material matter, the jury will not be allowed to believe the testimony and render a verdict based thereon.

Argued March 18, 1925. Appeal, No. 32, March T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1922, No. 2301, in case of Celia Radziemenski v. Baltimore & Ohio Railroad Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before CARPENTER, J.

Motion for judgment on whole record.

The opinion of the Supreme Court states the facts.

Judgment for defendant. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*Ralph P. Tannehill,* for appellant.

*Allen T. C. Gordon,* of *Gordon, Smith, Buchanan & Scott,* with him *Clark Miller,* for appellee.

OPINION BY MR. JUSTICE FRAZER, April 13, 1925:

Plaintiff's husband died as a result of injuries sustained in a collision with one of defendant's trains at a grade crossing in the City of Pittsburgh. The case was tried twice. The first trial resulted in a verdict for plaintiff, which was set aside by the lower court and a new trial granted. At the second trial the jury disagreed and the court below subsequently entered judgment for defendant on the ground that deceased was negligent in driving on the tracks ahead of a train which he must have seen had he exercised due precaution for his safety.

Deceased was driving at night westward on Second Avenue which crosses defendant's tracks diagonally at grade. The railroad, a double track line, at this point makes a slight curve and Second Avenue, after crossing the tracks, turns and parallels the railroad. According to a witness for plaintiff, deceased stopped at a place about 15 feet from the first track and looked for an approaching train. He then started forward and was struck on the second or eastbound track. The witness, after stating deceased had stopped half a minute or long enough to count ten or fifteen, said "then the first thing I knew he started over the tracks and the engine came along and plowed right into him."

On the north side of the crossing there is a small watchman's box located near the curb of the street. As deceased approached on the north side of the highway, there was a point back some distance from the crossing where his view along the railroad tracks toward the east would be to some extent obstructed by this box. As he neared the tracks, however, a clear view was obtainable for a distance of at least half a mile. At the place the witness testified deceased stopped, which was about 15 feet from the track, there was nothing to obstruct his view of the headlight of the approaching train for at least that distance. While there was evidence to the effect that vision was obstructed to a slight extent, both by the watchman's box and by a line of telegraph poles, a map offered in evidence, surveyed by a competent engineer, and drawn to scale, the accuracy of which was not questioned, shows these witnesses were mistaken and that the nearest telegraph pole was in fact on the opposite side of the railroad tracks and 600 feet away and the watchman's house, owing to its location along the curb of the street, could not have obstructed the view of decedent from the place it is claimed he stopped to look and listen. Even assuming decedent did, in fact, stop at a greater distance from the track, any obstruction by reason of the house would have disappeared as he approached and before he reached the first rail. While it is not the province of this court to decide disputed questions of fact, and we are bound to give plaintiff the benefit of all favorable inferences which may be drawn from the testimony of his witnesses, yet we are not required to believe what physical facts demonstrate to be untrue, and when an infallible mathematical test is applied to the testimony of a witness and he is found to be mistaken in a material matter, it would be a travesty on justice to allow the jury to believe such testimony and permit them to render a verdict based thereon: Lessig v. Reading Transit Co., 270 Pa. 299. The fact that the accident happened as it did, indicates either that de-

ceased failed to look and observe the approaching train, or, having seen it, decided to take the chances of an attempt to cross ahead of it. In either case, he was negligent and there can be no recovery for the unfortunate consequences thereof: Zotter v. Lehigh Valley R. R., 280 Pa. 14.

The judgment is affirmed.