Rhodes *v.* Pennsylvania R. R., Appellant.

Argued October 1, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*John B. Hannum, Jr.,* of *Hannum, Hunter, Hannum & Hodge,* for appellant.—The evidence discloses contributory negligence on the part of plaintiff's deceased husband: Cubitt v. R. R., 278 Pa. 366; Zotter v. R. R., 280 Pa. 14; Chalfant v. Edwards, 173 Pa. 246; Cohen v. P. R. T., 228 Pa. 243; Myers v. R. R., 150 Pa. 386; Smith v. McAdoo, 266 Pa. 328; Craig v. R. R., 243 Pa. 455; Grimes v. R. R., 289 Pa. 320; Tull v. R. R., 292 Pa. 458; Radziemenski v. R. R., 283 Pa. 182; Thompson v. R. R., 263 Pa. 569; Smith v. R. R., 256 Pa. 501; Lapinco v. Ry., 257 Pa. 344; Sullivan v. R. R., 175 Pa. 361; Walsh v. R. R., 222 Pa. 162; Kemmler v. Penna. Co., 265 Pa. 212; Krenn v. Ry., 259 Pa. 443; Miller v. R. R., 256 Pa. 142; Beynon v. R. R., 168 Pa. 642; Holden v. R. R., 169 Pa. 1; Sakall v. R. R., 272 Pa. 89;

Mensch v. R. R., 274 Pa. 356; Lees v. R. R., 154 Pa. 46; Winner v. Mellon, 287 Pa. 288.

The evidence discloses contributory negligence on part of plaintiff: Alperdt v. Paige, 292 Pa. 1; Hoffman v. R. R., 278 Pa. 246; Dunlap v. Transit Co., 246 Pa. 130; Martin v. R. R., 265 Pa. 282; Nutt v. R. R., 281 Pa. 372; Kirschbaum v. Transit Co., 73 Pa. Superior Ct. 536; Morningstar v. R. R., 290 Pa. 14; Hill v. Transit Co., 271 Pa. 232; Joseph v. R. R., 294 Pa. 315; Provost v. Ry., 265 Pa. 589; Mensch v. R. R., 274 Pa. 356; Gasser v. Ry., 266 Pa. 493.

*A. B. Geary,* of *Geary & Rankin,* for appellee.—The question of contributory negligence cannot be treated as one of law, unless the facts and the inferences from them are free from doubt; if there is doubt as to either, the case is for the jury: Coolbroth v. R. R., 209 Pa. 433; Mellon v. R. R., 282 Pa. 39; Razzis v. Ry., 273 Pa. 550; Groner v. Canal Co., 153 Pa. 390; Arnold v. R. R., 161 Pa. 1; Citro v. R. R., 269 Pa. 49; Kuntz v. R. R., 206 Pa. 162; Knobeloch v. Ry., 266 Pa. 140.

Where the degree of care varies with the circumstances and there is a doubt as to the inferences to be drawn, the question of negligence is for the jury: Cohen v. R. R., 211 Pa. 227; Johnston v. Cheyney, 297 Pa. 199.

Appellee was bound to exercise care to protect herself against the danger of a train; she had the right to depend also upon her husband's care.

OPINION BY MR. JUSTICE WALLING, November 25, 1929:

The track of the Pennsylvania Railroad, extending through Concordville, Delaware County, in an easterly and westerly direction, is crossed at grade and practically at right angles by the state highway known as the Concord Road. The latter is level at and near the crossing and then to the north passes over a hill. The railroad consisting of a main track, on the south of which

is a siding, approaches the crossing from the east on an ascending grade. The plaintiff, Hannah Hall Rhodes and her husband, Frederick A. Rhodes, resided in Chester and at about 1:15 on the morning of January 10, 1926, returning home from a social in a Dodge automobile, came from the north down the Concord Road on to the main track, where the automobile was struck by the engine of a westbound passenger train. Mr. Rhodes was killed and his wife very seriously injured. This suit, brought to recover the damages plaintiff sustained in the death of her husband and on account of her own injuries, resulted in verdicts for plaintiff, upon which judgments were entered, and the defendant has appealed.

We will discuss only the question of contributory negligence; because of which, in our opinion, the judgment cannot be sustained. Mr. and Mrs. Rhodes were entirely familiar with the crossing and when they came to within ten feet of the first rail of the main track had an unobstructed view thereof to the east for thirteen hundred and fifty feet. Plaintiff says they stopped the automobile when about six feet from the track. It was a clear, quiet, starlight night. No other train or traffic was moving in the vicinity and nothing to obstruct the view or deaden the sound of the approaching train. Furthermore, it was moving up a grade, where, as matter of common knowledge, the working of an engine can be heard a long distance. In fact plaintiff's witness, Vernon Hart, testified that he heard the train while it passed over the entire thirteen hundred and fifty feet. This is contradicted only by the bald statement of the plaintiff that neither she nor her husband heard the train. It is as much the traveler's duty to listen as to look; he is as bound to hear what is audible as to see what is visible. Because of darkness or other obstructions to view, the sense of hearing is often vital. See Hess v. Williamsport, etc., R. R., 181 Pa. 492. In Paul v. P. & R. Ry. Co., 231 Pa. 338, the rule as summarized in the syllabus, states: "The unbending rule as to the

duty of a traveler on a public highway, as he approaches a railroad crossing over it, is to stop, look and listen. He must listen as well as look, for conditions may be such that though, when he stops at a proper place and looks, he cannot see a coming train, he yet must hear it if he listens. And if he then, in spite of what he hears, walks or drives on into almost instant collision with the train, he is as guilty of contributory negligence as if he had plainly seen its coming." This principle is also stated in Sefton v. B. & O. R. R. Co., 64 Pa. Superior Ct. 218, 220. As to this, in the instant case there was no conflict in the evidence. It was practically in the open country where at this hour of night there would normally be no sound and so far as the proof shows was none when the automobile stopped, save that of the train. For the traveler to say he did not hear the oncoming train, is as vain as to say he did not see it in broad daylight. If they stopped to listen for the train they must have heard its approach and, in attempting to cross in front of it, took the chances; while if they drove onto the track without stopping to look and listen, of course there could be no recovery. See Haskins v. P. R. R., 293 Pa. 537; Radziemenski v. B. & O. R. R. Co., 283 Pa. 182; Bornscheuer v. Traction Co., 198 Pa. 333; Myers v. B. & O. R. R. Co., 150 Pa. 386, 390; Baker v. R. R., 182 Pa. 337.

While the evidence was conflicting as to whether the engine's headlight was bright or dim, new-fallen snow covering the ground added to the starlight and we are not convinced that the train coming up the straight track was invisible, especially as plaintiff admits she could see down the track a distance estimated at from one hundred and fifty to three hundred feet. However, we deem the failure to hear, in the instant case, conclusive proof of contributory negligence. The rule of Carroll v. P. R. R. Co., 12 W. N. C. 348, is applicable to accidents at night wherever it clearly appears that by due care the traveler could have known of the approach

of the engine or car before entering upon the track. That the accident happened in the night will not aid a plaintiff where it clearly appears that despite the darkness he could have discovered the approaching train before attempting to cross the track. See Smith, Admrx., v. McAdoo, Dir. Gen., 266 Pa. 328; Thompson v. P. & R. Ry. Co., 263 Pa. 569; Krenn v. Pittsburgh, C., C. & St. L. Ry. Co., 259 Pa. 443, and other cases. In the instant case, the automobile was struck when near the center of the first track; hence, it had moved only a few feet from where plaintiff says they stopped. Therefore the engine, moving thirty or thirty-five miles an hour, must have been only a few rods away, probably not over a hundred feet, when they attempted to cross the track.

The established facts, including the very important one that Mr. Rhodes' automobile was immediately struck as he drove upon the track, rebut the presumption of due care on his part and preclude recovery for his death. In Tull v. B. & O. R. R., 292 Pa. 458, we say, inter alia (page 461): "True, a traveler killed at a crossing is presumed to have performed the duty of care imposed upon him by law; but that presumption is rebutted, where, as here, the evidence clearly shows that had he done so the accident would not have happened. The familiar rule stated in Carroll v. P. R. R. Co., 12 W. N. C. 348, and frequently quoted with approval, that, 'It is in vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive,' applies in case of death where the deceased walked or drove in front of an approaching train under like circumstances. See Charles v. Lehigh Val. R. R. Co., 245 Pa. 496. 'The doctrine that a person losing his life must be presumed to have exercised due care has no application where the evidence shows affirmatively the circumstances of the accident to the contrary; there can be no presumption as against such facts which are clearly proven': Zotter v. Lehigh Val. R. R. Co., 280 Pa. 14.

'What the proven facts show the deceased must have seen had he looked, the court is bound to declare': Cubitt v. N. Y. C. R. R. Co., 278 Pa. 366." A presumption cannot stand against incontrovertible proven facts: Haskins v. P. R. R., supra; Hazlett v. Dir. Gen. of R. R., 274 Pa. 433; Lessig v. Reading Transit & Light Co., 270 Pa. 299; Bernstein v. P. R. R. Co., 252 Pa. 581. See elaborate discussion of this subject in Chief Justice MOSCHZISKER's Trial by Jury, sections 293-334. Had it been a dark, stormy night, or had there been any valid reason for not seeing or hearing, the conclusion would be different and more especially so where the train was moving down grade. See Kuntz v. R. R. Co., 206 Pa. 162; Kasarda v. Lehigh Val. R. R. Co., 222 Pa. 146, and other like cases.

The negligence of Mr. Rhodes would not be chargeable to his wife merely because she was riding with him; she might still recover for her own injuries. Unfortunately this cannot be done under her testimony, for she says she was sitting with him on the front seat and advising with him as to crossing the track, and says in direct examination: "Q. As I understand it, Mrs. Rhodes, when you came there, and you say that you stopped at that point, when you and your husband were six feet away from that rail, when you were in the front seat, you say you both looked to the left, in the direction in which this train was coming? A. We did. Q. And then you both decided to go forward? A. We did"; and reiterated it on cross-examination. She also says her hearing is good. Her opportunity to control the situation was equal to his. It therefore appears that she voluntarily joined in testing the danger and as he was negligent she was equally so. In such case the wife who encourages her husband to proceed in the face of obvious danger cannot recover: Morningstar v. N. E. Penna. R. R. et al., 290 Pa. 14. "A guest is chargeable with the negligence of the driver when he joins with the latter in testing a danger": Joseph v. Pitts. & W. V. Ry., 294

Pa. 315. See also opinion of Mr. Justice KEPHART, in Kilpatrick v. P. R. T. Co., 290 Pa. 288; also opinion of Mr. Justice SCHAFFER, in Wagenbauer v. Schwinn, 285 Pa. 128. In Otis et al. v. Kolsky, 94 Pa. Superior Ct. 548, 552, the late Judge HENDERSON, speaking for the court, says: "As Mrs. Otis was sitting in the front seat with the driver, she had at least as favorable an opportunity as the latter to see the car approaching on Greene Street. She therefore had an opportunity to protest or object to attempting the crossing at that time. Her failure to do so, even if there had been negligence on the part of the defendant would deprive her of her right of action." See also Kirschbaum v. P. R. T. Co., 73 Pa. Superior Ct. 537. One riding in an automobile as a guest who knows or is presumed to know of a manifest danger and fails to avail himself of an opportunity to control the situation, cannot recover if injured. See Alperdt et ux. v. Paige, 292 Pa. 1, and cases there cited, including Minnich v. Easton Traction Co., 267 Pa. 200, 204.

There was some conflict in the evidence as to signals, which, with the alleged dim headlight, probably made the question of defendant's negligence one for the jury. On the controlling question in this case, that of contributory negligence, there is no substantial conflict in the evidence; hence, it is the duty of the court to declare its legal value: Wolf v. P. R. T. Co., 252 Pa. 448; Davidson v. Ry. Co., 171 Pa. 522.

The judgment is reversed and is here entered for the defendant non obstante veredicto.