### PIKE v. BALTIMORE & OHIO R. CO.
(two cases).

Nos. 7155, 7396.

District Court, W. D. Pennsylvania.
June 15, 1933.

John Ruffalo, of Youngstown, Ohio, and Samuel Milliken and Septer W. Douglas, both of Pittsburgh, Pa., for plaintiffs.

William H. Eckert and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

These two cases were tried together. They grew out of a railroad crossing accident on March 12, 1932, at Smithton, Westmoreland county, Pa. Hal Pike, husband of the plaintiff, Margaret M. Pike, was killed, and William Thomas Pike was injured when an automobile driven by Hal Pike came into collision with an engine of a west-bound train of the defendant company.

We gave binding instructions for the defendant in both cases, and the plaintiffs have moved for a new trial urging error on the part of the court.

The evidence discloses that on the evening of March 12, 1932, about 7 o'clock, the plaintiff William Pike and Hal Pike were in an automobile on route 251, approaching a right angle crossing with the tracks of the railroad company at Smithton, Westmoreland county. Hal Pike was driving; William Pike was in the seat by his side. Both Hal and William were familiar with this crossing, and the evidence offered by the plaintiff discloses that they stopped at a point within 30 feet of the first railroad track; that they stopped, looked, and listened, saw no light and heard no signal; that the engine and the automobile came into collision at the crossing. The automobile was thrown to the side of the track. The decedent Hal was killed, and William, injured.

This railroad crossing is at a point where there was a large open space along the railroad in the direction from which the train approached, and railroad tracks and cars upon it are visible for a long distance in that direction. The train that was in collision was approaching the crossing from the east and was going west. The automobile approached from the north going south. The train was running on the westbound, or most northerly, track, being the first track to which the automobile would come as it entered the crossing. The plaintiff William Pike admitted on the witness stand that from the north side of the crossing towards the east, a view could be had for one-fourth of a mile or more. By actual measurement, it appeared that at any point within 100 feet north of the crossing, the person on the highway could have a view of the train approaching from the east for at least 1820 feet.

The accident happened on a clear night. There was nothing else about the crossing that made any noise; the train was a freight train consisting of one hundred and ten cars; it was using full steam approaching the crossing.

The automobile was struck just as it entered upon the first track, and was thrown to the same side of the track from which it approached.

The overwhelming weight of testimony in the case was to the effect that the headlight was burning brightly and continuously; that the engine whistled; and that the bell was sounded repeatedly within the same distance.

Under the circumstances, we are of the opinion that the plaintiffs could not have helped seeing and hearing the approaching train, had they stopped as they said they did, within 20 or 30 feet of the crossing. It is simply physically impossible that the persons in this automobile were not aware of this train, had their car actually stopped. There was nothing to obstruct the view; the night was clear; no distracting noise; the train, said to be traveling at the rate of 35 miles an hour, blew its whistle, and sounded its bell as it approached the crossing. Even if the headlights were not burning, as testified by the plaintiffs' witnesses, the plaintiffs could not have helped being aware of the approach of this train. The evidence offered by the defendant as to the fact of the headlights being duly lighted and the bell ringing was so overwhelming that we were convinced that we could not let the verdict for the plaintiffs rest, had the jury rendered one.

The authority for such a ruling is the case of Pennsylvania Railroad Company v. Chamberlain, 288 U. S. 333, 53 S. Ct. 391, 77 L. Ed. 819. Under the evidence in this case, it is very plain that either the occupants of this automobile did not stop, look, and listen, as the law required, or if they did so, they must have taken the chance to cross ahead of the train. In either event, they are guilty of contributory negligence, and cannot recover. Brommer v. P. R. R. Co. (C. C. A.) 179 F. 577, 29 L. R. A. (N. S.) 924; Hall v. West Jersey & S. R. Co. (C. C. A.) 244 F. 104; Radziemenski v. Baltimore & Ohio R. R. Co., 283 Pa. 182, 128 A. 735; Grimes v. P. R. R. Co., 289 Pa. 320, 137 A. 451; Rhodes v. P. R. R. Co., 298 Pa. 101, 147 A. 854.

The motion for a new trial will be denied.