## BALTIMORE & O. R. CO. v. MULDOON.
### No. 6812.

Circuit Court of Appeals, Third Circuit.
Feb. 10, 1939.

Jackson Wheatley, William G. Nixon, and J. F. Shrader, all of Philadelphia, Pa., for appellant.

Robert C. Duffy and Henry Thomas Dolan, both of Philadelphia, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This suit was originally brought in the Court of Common Pleas No. 4 of Philadelphia County by Patrick J. Muldoon against the Baltimore and Ohio Railroad Company to recover for personal injuries sustained by the plaintiff when the motor truck which he was driving was struck by defendant's railroad train. The case was

152

removed by the defendant to the District Court for the Eastern District of Pennsylvania. At the trial in that court the defendant presented a point for binding instructions in its favor which the court reserved. The jury rendered a verdict in favor of the plaintiff in the sum of $4,500 subject to the reserved point. The defendant's motion for judgment n. o. v. upon the reserved point was denied by the court without opinion and the present appeal by the defendant followed.

The principal question raised by the appeal is whether the court should not have declared the plaintiff guilty of contributory negligence as a matter of law and directed a verdict for the defendant.

In determining this question the testimony must be read in the light most advantageous to the plaintiff, all conflicts therein being resolved in his favor, and he must be given the benefit of every fact and inference which may reasonably be deduced from the evidence. Mountain v. American W. G. Co., 263 Pa. 181, 106 A. 313. Nevertheless any testimony which is contradicted by clearly proved and uncontrovertible physical facts must be rejected. Cubitt v. New York Central R. R. Co., 278 Pa. 366, 123 A. 308; Hawk v. Pennsylvania R. R. Co., 307 Pa. 214, 160 A. 862; Bash v. Baltimore & Ohio R. R. Co., 3 Cir., 102 F.2d 48. Considered in this light the evidence disclosed these pertinent facts:

The accident occurred on the morning of January 27, 1935, at a point on Oak Lane in the Borough of Collingdale, Delaware County, Pennsylvania, where the main line of the defendant's railroad, consisting of two tracks, crosses Oak Lane at grade and substantially at right angles. The day was clear and cold and there was considerable snow on the ground. The plaintiff, who was familiar with the crossing, was driving a large oil truck in a northerly direction on Oak Lane. As he approached the crossing he stopped at a point where in the driver's seat he was about eleven feet from the near rail of the first or eastbound track and looked to the left for approaching trains. A plan of the locality, the accuracy of which was not questioned by the plaintiff and was fully corroborated by photographs, showed that at the point where the plaintiff stopped he had an uninterrupted view to the west along the railroad tracks of more than two thousand feet. The plaintiff testified, however, that at this point he was able only to see about fifty feet to the left and could not see the approaching train. After looking to the left the plaintiff looked to the right and then proceeded to drive his truck across the tracks without again looking to the left. As the front of his truck reached the near rail of the second or westbound track the truck was hit by an express train of the defendant approaching from the left on the first track, and in the collision he was seriously injured.

No principle is more firmly imbedded in the law of Pennsylvania than that a traveler who is about to cross a railroad track must stop, look and listen. This is an absolute and unbending rule of law. The stopping, looking and listening must not be merely nominal or perfunctory but substantial, careful and adapted in good faith for the accomplishment of the end in view. Failure to comply with the duty is not merely evidence of negligence but is negligence per se, and is to be declared such by the court. North Pennsylvania Railroad Co. v. Heileman, 49 Pa. 60, 88 Am. Dec. 482; Pennsylvania Railroad Co. v. Beale, 73 Pa. 504, 13 Am.Rep. 753; Aiken v. Pennsylvania R. Co., 130 Pa. 380, 18 A. 619, 17 Am.St.Rep. 775; Garis v. Lehigh & New England R. R. Co., 324 Pa. 149, 188 A. 76.

In the case before us the plaintiff says that he stopped and looked but did not see the approaching train at a point where he had a view for nearly half a mile and at a time but a few seconds before the train reached the crossing. It is obvious that his statement cannot be true. As the Supreme Court of Pennsylvania said in the much cited case of Carroll v. Pennsylvania Railroad Company, 2 Penny., Pa., 159, 12 Wkly. Notes Cas. 348, "It is in vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive." Either the plaintiff failed to look and observe the approaching train or having seen it, decided to take the chances of an attempt to cross ahead of it. In either case, he was negligent and there can be no recovery for the unfortunate consequences thereof. Kemmler v. Penna. Co., 265 Pa. 212, 108 A. 592; Radziemenski v. Balto. & Ohio R. R. Co., 283 Pa. 182, 128 A. 735.

It may be that plaintiff's testimony could be reconciled with the physical

facts by assuming that he in fact stopped at a much greater distance from the tracks where his view to the left was actually limited to the extent he stated. Such an explanation of his testimony, however, would likewise convict him of negligence since it was his duty to stop at a point where adequate observation of the tracks could be had and this duty was obviously not performed by his stopping at a point where his view was limited in the manner he described. Gelwicks v. Penna. R. R., 301 Pa. 68, 151 A. 581. Furthermore it was his duty to continue to look as he crossed the tracks. Miller v. Penna. R. R., 299 Pa. 63, 149 A. 85. By his own admission he failed to perform this duty, since his testimony indicated that he did not again look toward the left after he started up his truck and proceeded to drive it across the tracks.

We think that the evidence established the contributory negligence of the plaintiff and that the court below should have so declared. Our conclusion makes it unnecessary to consider the defendant's contention that the evidence of its negligence was not sufficient to support the verdict.

The judgment is reversed and the cause is remanded to the court below with directions to enter judgment for the defendant non obstante veredicto upon the point of law reserved by the court.