# Jachim Lapinco v. Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroad companies—Headlight—Crossings — Contributory negligence—Judgment for defendant n. o. v.*

1. In an action against a railroad company for injuries sustained by plaintiff in consequence of being struck by a locomotive, where it appeared that the accident occurred at night, and plaintiff testified that when he came to the track he had an unobstructed view in the direction from which the train came for 160 feet and saw no engine, but did not say that he saw no headlight; but plaintiff's two other witnesses who saw the accident did not say that the headlight was not burning, and where there was unimpeached evidence submitted by the defendant that the engine was equipped with a proper light, the presumption that defendant was

not negligent in failing to equip its engine with a proper light was not refuted, and the trial judge should have directed the jury to find that the headlight was burning.

2. Where in such case it appeared that plaintiff stopped, looked and listened at the track next to the one on which the train which struck him approached, and where plaintiff testified that he did not see the engine, although he had an unobstructed view for 160 feet, and it appeared that immediately thereafter plaintiff started toward the third track and the instant he put his foot on the rail the engine ran over him, the rule in Carroll v. Penna. R. R. Co., 12 W. N. C. 348, that it is vain for a man to say that he looked and listened if despite of what his eyes and ears must have told him, he walked directly in front of a locomotive, applied, and the jury having found a verdict for plaintiff the court should have entered judgment for defendant n. o. v.

Argued Jan. 19, 1917. Appeal, No. 236, Jan. T., 1916, by defendant, from judgment of C. P. No. 5, Philadelphia Co., June T., 1914, No. 966, on verdict for plaintiff, in case of Jachim Lapinco v. Philadelphia & Reading Railway Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BALDRIGE, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,500 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, answers to points, and refusing to direct verdict for defendant.

*William Clarke Mason,* for appellant.—There was no sufficient evidence of negligence to warrant a finding against the defendant, and the trial judge ought to have directed a verdict for defendant: Hanna v. Philadelphia & Reading Ry. Co., 213 Pa. 157; Charles v. Lehigh Valley R. R. Co., 245 Pa. 496; Anspach v. Philadelphia & Reading Ry. Co., 225 Pa. 528; Leader v. Northern Central Ry. Co., 246 Pa. 452.

The plaintiff was guilty of contributory negligence as a matter of law: Carroll v. Railroad Co., 12 W. N. C. 348; Penna. R. R. Co. v. Mooney, 126 Pa. 244; Hauser v. Central R. R. Co. of N. J., 29 W. N. C. 471; Baker v. Penna. R. R. Co., 182 Pa. 336; Keppleman v. Philadelphia & Reading Ry. Co., 190 Pa. 333; Yevsack v. Lackawanna & Wyoming Valley R. R. Co., 221 Pa. 493; Bernstein v. Penna. R. R. Co., 252 Pa. 581; Stoker v. Philadelphia & Reading Ry. Co., 254 Pa. 494.

*William T. Connor,* with him *John R. K. Scott,* for appellee.—There was ample evidence of defendant's negligence: Bard v. Philadelphia & Reading Ry. Co., 199 Pa. 94; Buckman v. Philadelphia & Reading Ry. Co., 232 Pa. 351; Hugo v. Balto. & Ohio R. R. Co., 238 Pa. 594; Simons v. Philadelphia & Reading Ry. Co., 254 Pa. 507.

Plaintiff was free from contributory negligence: Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 158 Pa. 233; Hoffmeister v. Penna. R. R. Co., 160 Pa. 568; Keng v. Balto. & Ohio R. R. Co., 160 Pa. 644; Arnold v. Philadelphia & Reading R. R. Co., 161 Pa. 1; Link v. Philadelphia & Reading Ry. Co., 165 Pa. 75; Gray v. Penna. R. R. Co., 172 Pa. 383; Philpott v. Penna. R. R. Co., 175 Pa. 570; Ragan v. Penna. R. R. Co., 189 Pa. 572; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; McCusker v. Penna. R. R. Co., 198 Pa. 540; Bard v. Philadelphia & Reading Ry. Co., 199 Pa. 94; Cohen v. Philadelphia & Reading Ry. Co., 211 Pa. 227; Beach v. Penna. R. R. Co., 212 Pa. 567; Forno v. Penna. R. R. Co., 234 Pa. 538; Kauffman v. Penna. R. R. Co., 237 Pa. 227; Hugo v. Balto. & Ohio Co., 238 Pa. 594; Kovarik v. Lehigh Valley R. R. Co., 240 Pa. 533; Moore v. Penna. R. R. Co., 242 Pa. 541; Fink v. Smith, 249 Pa. 541; Simons v. Philadelphia & Reading Ry. Co., 254 Pa. 507; Bernstein v. Penna. R. R. Co., 252 Pa. 581; Stoker v. Philadelphia & Reading Ry. Co., 254 Pa. 494.

OPINION BY MR. CHIEF JUSTICE BROWN, April 9, 1917:

The plaintiff was struck by an engine of the defendant on November 29, 1913, about five o'clock in the afternoon, at what the jury found was a permissible crossing in the City of Coatesville. For the injuries sustained he recovered a verdict, the jury having found that the defendant had negligently operated its engine at the point where he was hurt, and that he had exercised due care in attempting to cross the track. On this appeal from the judgment on the verdict the contention of the appellant is that its motion for a nonsuit ought to have prevailed, or a verdict should have been directed in its favor, as no negligence on its part had been shown, and the contributory negligence of the plaintiff was so clear that the trial judge should have declared it to be a bar to his right to recover.

Alongside the track on which the plaintiff was struck there are two sidings. After crossing over the first he stepped on the second and looked up and down the main track. It was dark, but lights were burning, and the plaintiff testified he could see a distance of one hundred and sixty feet in the direction from which the engine was coming. He stated distinctly that there was nothing to obstruct his view down the track for that distance. According to the testimony of witnesses called by the defendant the distance of the unobstructed view, from actual measurements on the ground, was much greater. With the unobstructed view of at least one hundred and sixty feet before him, the plaintiff started toward the third or main track, and the instant he put his foot on the first rail the engine ran over it. He testified that from the time he started from the siding or second track he kept on looking and listening, but neither heard nor saw the approaching engine. On the testimony which he submitted as to its speed and the failure to give notice of its approach, by bell or whistle, it may be conceded that the question of the defendant's negligence was for the jury, but, as the plaintiff was bound not only to listen

but to look, the only rational conclusion deducible from all the testimony in the case is that he failed to look as he approached the track on which he was struck. If he had looked he must have seen the engine coming towards him. Neither he nor either of his two witnesses who saw the accident testified that there was not a headlight burning on the locomotive. Neither of them said anything about a headlight, and their testimony, given its full effect, was merely that they had not seen the engine. There was no presumption that the defendant had failed to have a burning headlight on it, and the burden of showing negligence in this respect was upon the plaintiff: Hanna v. Philadelphia & Reading Ry. Co., 213 Pa. 157. The negative testimony of plaintiff and his witnesses, to which we have referred, was not sufficient to make out a charge of negligence as to the headlight, and a finding by the jury that one was not burning on the engine at the time of the accident was not only without evidence on the part of the plaintiff to sustain it, but was in the teeth of unimpeached evidence submitted by the defendant that the engine was equipped with a proper light. Nalin, the engineer testified that there was a burning headlight on his engine, in front of a reflector; Gray, his fireman, said the headlight was burning brightly, and Thompson, the conductor, said he saw it burning. The testimony of these three witnesses was unequivocally corroborated by Harnish, Bivans and Williams, three of defendant's brakemen. These six witnesses were in a position to see, and did see, and, in view of their positive and affirmative testimony that the headlight was burning, with no proof offered by the plaintiff to rebut the presumption that the defendant was not negligent as to this, the trial judge should have directed the jury to find that it was burning: Knox v. Philadelphia & Reading Ry. Co., 202 Pa. 504; Keiser v. Lehigh Valley R. R. Co., 212 Pa. 409; Anspach v. Philadelphia & Reading Ry. Co., 225 Pa. 528; Charles v. Lehigh Val-

ley R. R. Co., 245 Pa. 496; Leader v. Northern Central Ry. Co., 246 Pa. 452.

Under Carroll v. Penna. R. R. Co., 12 W. N. C. 348, and the long line of cases following it down to Stoker v. Philadelphia & Reading Ry. Co., 254 Pa. 494, it was the clear duty of the court below to enter judgment for the defendant non obstante veredicto.

The fourth assignment of error is sustained and judgment is here entered for the defendant.