Hirth *v.* Marano, Appellant.

188

Argued October 11, 1933.

Before Trexler, P. J., Keller, Cunning-ham, Baldrige, Stadtfeld, Parker and James, JJ.

*Thomas E. Comber, Jr.,* for appellant.

*John F. Burgess,* and with him *William J. Brady,* for appellee.

Opinion by James, J., February 1, 1934:

Plaintiff recovered a verdict in the court below for injuries suffered in a collision between an automobile in which plaintiff was riding and a truck of the defendant. Defendant's motion for judgment non obstante veredicto, based upon the refusal of his point

for binding instructions, was dismissed and judgment entered upon the verdict, from which judgment defendant has taken the present appeal.

On the morning of June 5, 1931 about 2:30 A. M., the plaintiff was severely injured while a passenger in an automobile, riding on the back seat, which was being driven on the Buena Road outside of Hammontown, New Jersey. The automobile ran into the rear of defendant's truck which was traveling on the same side of the road and going in the same direction. The rate of speed at which the automobile was driven does not appear. The testimony which is pertinent to the questions involved is in substance as follows:

Charles Hirth, plaintiff, testified (p. 7a): "I was riding in the back seat of the automobile with my aunt. ...... I didn't see any lights or anything on the road. I seen headlights of another automobile, and I heard the crash, and that was all. ......"
Michael Moffett, driver of the automobile, testified (p. 15a): "...... and riding along, of course I met a lot of cars, and on this Buena Road I saw a car, I thought it was parked, and I kept looking straight ahead, and all at once the crash happened. That is all I seen—two bright lights ahead of me. Q. What do you mean there were two bright lights ahead of you? On a car coming down the other way? A. That is it. Coming the other way. Q. Did this truck that you crashed into have any lights? A. No lights at all. ......
Q. Why didn't you see it before you rode into it? A. Because there were no lights there for me to see."
In reply to the question as to whether the car was moving or parked, he testified (p. 15a): "Q. Where was it, was it moving or parked? (p. 16a) A. It was parked when I got out of the car. ...... Q. Were you looking ahead? A. Yes; straight ahead."
The witness further testified that about nine o'clock the truck had stopped at his garage which was about

fifteen miles from the scene of the accident to repair the tail light; that he put in a bulb, "but it had a short in there and it would not stay on. He wanted a red light, a lantern. I didn't have any to give him. He continued going down, with the tail light blinking." Ethel Wachter, who was riding in the front seat with the driver looking ahead at the time of the accident, did not see any red light on the truck. Anna Wachter, who was riding in the rear seat looking ahead at the time of the accident, did not see any red lights.

Defendant called as a witness the driver, who testified that a short time before the accident he had a flat tire and after it was repaired he turned around and headed in the other direction and in the process of turning around, by looking back, he saw the reflection of the tail light on the ground about one hundred yards from the point of the accident; that at the time of the accident the truck was on the dirt shoulder on the right side of the road. There were no lights on the car after the accident. He admitted that when he received the truck at nine o'clock it did not have a rear light on it and that he stopped at Mr. Moffett's garage and asked for a lantern. Tony Pollegruco and John Marchiana, who were riding in the back of the truck, saw the light burning at the time of the accident. Isaac Allen, who had helped to repair the flat tire, saw the red light burning when the truck pulled away about two hundred feet from the point of the accident. John J. Matey saw the red light burning one-half hour after the accident.

Defendant contends that under this testimony judgment should have been entered non obstante veredicto in favor of the defendant for the following reasons: (1) Because the plaintiff and his witnesses admitted they did not see the truck before the accident and therefore are not competent to testify as to the pres-

ence of a light upon the truck before the accident. (2) Because negative testimony by the plaintiff's witnesses that they did not see any light after admitting that they did not see the truck into which they ran, can not be sustained when confronted with the testimony of four witnesses for defendant that the red light was burning on the truck at the time of the accident.

Appellant contends that "It is against common experience to say that one could run into a truck and not see it at all," and attempts to apply the rule laid down in Carroll v. Penna. R. R. Co., 12 W. N. C. 348, and the long line of cases following it down to Lapinco v. Phila. and Reading Railway Co., 257 Pa. 344, 345, 101 A. 767, that it is vain for a man to say that he looked and listened if, despite what his eyes and ears must have told him, he walked in front of a locomotive. Undoubtedly that rule should be applied if there was no other contributing factor. Appellant loses sight of the fact that prior to the time of the accident other cars were traveling in the opposite direction and that at the time of the accident plaintiff's driver saw two bright lights of a car which he thought was parked, and that he kept looking straight ahead and the crash happened.

"Drivers of automobiles know that the lights of cars coming in the opposite direction oftentimes make it extremely difficult for a perceptible period of time— long enough at least that one traveling at a moderate rate of speed may not be able to observe, until too late to stop, an object ahead unless a red light is displayed. Under modern conditions, with the large number of cars being operated on the highways, it is impracticable, and may be dangerous, for a driver of an automobile to stop every time a lighted car is approaching in the opposite direction." Cupples, Jr., v. Yearick et al., 99 Pa. Superior Ct. 269, 274.

It is a matter of common experience that it would

be impossible for a driver of an automobile to observe a car parked on the highway if cars were coming in the opposite direction unless a red light was displayed. In view of the testimony of plaintiff and his witnesses that, looking straight ahead they did not see any lights, and when plaintiff's driver got out of his automobile there was no light on the truck, we think the question of contributory negligence was not so clear as to warrant the court in withdrawing it from the jury's consideration.

Defendant's second contention is that the entire testimony of the plaintiff relating to the light is negative in character and is overcome by the positive testimony of four of defendant's witnesses that a red light was burning and that under such circumstances the case is not one for the jury to pass upon. In view of the fact that on the night of the accident, defendant's driver had considerable trouble with the light on the rear of the truck; that he had gone to the garage of plaintiff's driver for the purpose of obtaining a lantern; that a new bulb had been inserted by plaintiff's driver and that he claimed there was a short circuit, coupled with the other contradictions and conflicts in the testimony of his witnesses, we are not convinced that the testimony was of such a convincing and positive nature as brings this case within the rule that, "Where the evidence to establish lack of proper care is negative only, it is overcome by positive evidence to the contrary, though the latter comes from the mouths of defendant's witnesses, and, under such circumstances, the question is not one for the jury to pass upon, where the physical facts corroborate their testimony." Grimes v. Penna. R. R. Co., 289 Pa. 320, 324, 137 A. 451. Neither is the testimony of plaintiff's witnesses negative in character. Each one of them testified that they were looking ahead at the time of the accident and that they did not see the lights on the rear of the truck. Under the circumstances, the testimony of

plaintiff and his witnesses was at least more than negative. They were looking in the direction in which they were going and their position was such that it would have enabled them to observe the rear light had it been lit. Such testimony is more than merely negative and is sufficient to require submission to the jury. George v. P. R. T. Co., 285 Pa. 362, 365, 132 A. 184; Hoffman v. Pittsburgh and L. E. R. R. Co., 278 Pa. 246, 250, 122 A. 274; Kelso et al. v. Phila. R. T. Co., 112 Pa. Superior Ct. 124.

Under all the facts, the case was properly one to be submitted to a jury.

Judgment affirmed.