## Kipp v. Central Railroad Company of New Jersey, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Safety gates—Contributory negligence.*

1. In an action against a railroad company to recover damages for personal injuries suffered by plaintiff in a collision between his wagon and a train at a grade crossing, the plaintiff cannot recover because of contributory negligence, where it appears from his own evidence, that, as he approached the crossing, with which he was familiar, he stopped, looked and listened, at a point some twenty feet from the nearest track; that the safety gates were up; that, because of intervening buildings and cars, he was unable to obtain a view of the road from which the train which struck him was coming, until he reached the first track; that after stopping he drove on slowly, without stopping or looking again, and was struck on the second track.

2. In such a case it was plaintiff's duty to go upon the track itself and look and listen before attempting to drive his team across, and it was also his duty when he had entered upon the crossing to continue to look and listen to avoid danger; nor did the fact that the safety gates were not lowered relieve him of the duty of exercising the care required by the circumstances.

Argued March 10, 1919. Appeal, No. 44, Jan. T., 1919, by defendant, from judgment of C. P. Northampton Co., April T., 1917, No. 47, on verdict for plaintiff in case of Charles Kipp v. Central Railroad Co. of New Jersey. Before BROWN, C. J., STEWART, FRAZER, WALLING and SIMPSON, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STEWART, P. J.

At the trial the jury returned a verdict for the plaintiff for $4,000. Subsequently judgment was entered for plaintiff for $2,000, all above that amount having been remitted. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Edward J. Fox,* with him *James W. Fox,* for appellant, cited: Walsh v. Penna. R. R. Co., 222 Pa. 163; Miller v. R. R. Co., 256 Pa. 142; Reigner v. Penna. R. R. Co., 258 Pa. 257; Hare v. Phila. & Reading Ry. Co., 65 Pa. Superior Ct. 39; Borofsky v. West Jersey, etc., R. R. Co., 65 Pa. Superior Ct. 389.

*John D. Hoffman,* for appellee, cited: Matthews v. R. R. Co., 161 Pa. 28; Roberts v. Del. & Hudson Canal Co., 177 Pa. 183; Kuntz v. New York, etc., R. R. Co., 206 Pa. 162; Laib v. Penna. R. R. Co., 180 Pa. 506.

OPINION BY MR. JUSTICE STEWART, May 12, 1919:

The plaintiff met with the injuries and sustained the loss in property of which he complains and charges to the negligence of the defendant, while attempting with his horse and wagon to cross over at a public crossing on Main street in the Borough of Bethlehem the two tracks of the defendant company. He had without mishap crossed the first track, the track used for westbound traffic, and had just about cleared the second track, used for eastbound traffic, when a passing train struck the rear wheel of his wagon with the result that he was thrown from the wagon, more or less injured, and the contents of the wagon were scattered indiscriminately. The only defense set up on the trial with which we have now concern was contributory negligence on the part of the plaintiff. At the conclusion of the evidence the defendant requested binding instructions to the effect that such negligence having been shown, there could be no recovery, which instruction was refused. The result of the trial was a verdict in favor of the plaintiff in $4,000. A motion for a new trial and judgment n. o. v. followed. In answer to the rule issued, and to avoid a new trial, plaintiff filed a remittitur of all in excess of $2,000, and thereupon judgment was rendered for the latter amount and the rule granted was discharged. The appeal is from the judgment so rendered. The only assignment of error

that calls for consideration is the first, which complains of error in the court's refusal to instruct that the plaintiff was guilty of such contributory negligence as to prevent his recovery in the action.

The facts upon which defendant relies to support its present contention are derived entirely and exclusively from the plaintiff's own testimony. A brief recital of them is all that may be necessary. The plaintiff was thoroughly familiar with the crossing on which the accident happened, having been long accustomed to drive over it, as often as three times a week in the course of his business. On this occasion when approaching it he stopped, looked and listened at a point some twenty feet from the nearest track. At this point he observed that the safety gates at the railroad were not lowered, but, because of intervening buildings to his right, he was unable to obtain a view of the road to the west, the direction from which the train that collided with his wagon was approaching. No view of the track was observable until the first track had been reached because of building obstructions and some box cars that were on the siding. He says he stopped at this point long enough to look and listen, and not seeing or hearing anything to indicate the approach of a train,—we here use his exact language,— "Then I drove on, I didn't go in a hurry. I just drove my horse on a walk......I didn't hear nothing and I didn't see nothing, all at once whrrp! and I was struck, I didn't know what happened until afterwards." Further on he was asked this question: "And do you say that when you got on the westbound track you couldn't see the train coming on the eastbound track?" Answer: "Well I didn't see no train." This examination followed:

Q. "You can see then when you are on the track, can you?"

A. "Yes; if you see anything coming, you can see. But I didn't hear nothing."

Q. "And the instant you got on the eastbound track you were struck, were you?"

A. "Yes."

Q. "You didn't stop on the westbound track, did you?"

A. "I stopped on the other side of the track."

Q. "How far away,—twenty feet you said?"

A. "About twenty feet or so."

Q. "And then you drove right on and didn't stop again?"

A. "No, because I didn't hear nothing and see nothing. There was nothing to hear and nothing to see."

Q. "And that train was going on the eastbound track, was it not?"

A. "On the eastbound track, yes, toward the station."

Q. "And it came from Bethlehem Junction, in that direction?"

A. "I don't know where it came from, I didn't see it."

Q. "It wasn't on the track when you drove on?"

A. "It must have been but how far away I don't know."

With these as the established facts in the case, it is impossible to reach other conclusions than that the plaintiff failed utterly in several respects to meet the requirements which the law imposes on all travelers under similar circumstances. First, he was negligent in advancing upon the tracks with his horse and wagon under the circumstances. In approaching the crossing he stopped to look and listen when within twenty feet of the track, at a point where the railroad track was absolutely concealed from his view and where, to one approaching the crossing as he did, it would remain absolutely concealed until the first track was reached. The plain duty that the law enjoins under such circumstances is that the traveler go upon the track itself and look and listen before attempting to drive his team across: Lehigh Valley R. R. v. Brandtmaier, 113 Pa. 610; Penna. R. R. v. Ackerman, 74 Pa. 265; Penna. R. R. v. Beale, 73 Pa. 504; Kinter v. Penna. R. R., 204 Pa. 497.

Again; it is settled law that, when one has entered upon the tracks of a railroad with a view to crossing over, the duty continues to rest upon him throughout to exer-

cise his senses to discover danger; he must continue to look and listen. This duty was manifestly disregarded in this case. According to his own testimony the first opportunity he had to look westward upon the tracks of the railroad was when he reached the first track; at that point he had an unobstructed view. Without stopping, because as he said he saw nothing and heard nothing, he drove to the next track when he was instantly struck by the passing train. The statement that he looked and listened when upon the first track and neither heard nor saw the oncoming train is incredible. We said in Carroll v. Penna. R. R., 12 W. N. C. 348, and have had frequent occasion to repeat it, that it is vain for a man to say that he looked and listened, if, in spite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive. That is just what the plaintiff here did. That he was driving rather than walking can make no possible difference with respect to his duty. Nor did the fact that, when he entered upon the crossing, the safety gates were not lowered, relieve him from the duty of exercising the care required under the circumstances. In Greenwood v. Phila., W. & B. R. R. Co., 124 Pa. 572, we said, speaking through Chief Justice PAXSON: "Conceding that the company was required to take extra precautions by reason of the gates being out of order, yet the plaintiff was also bound to do his part. He has no right to omit the ordinary precautions when approaching a railroad crossing merely because he finds the gates up. . . . . . . In all such cases the safety of the traveling public requires that each party shall be held to the exercise of due care." From the plaintiff's own narrative of the occurrence it is impossible to reach any other conclusion than that his own want of care, or negligence, contributed to the happening of the accident from which he suffered his injuries.

The judgment is reversed and judgment is now entered for the defendant.