## AS TO STOPPING, LOOKING AND LISTENING.
Common Pleas Court of Hamilton County.

CHARLES ESCHENBACH, JR. v. WALKER D. HINES, AGENT, ETC.
Decided, May 11, 1921.

*Railway Crossings—Negligence in Approaching Where the View is Obstructed.—View of the Tracks Should be Obtained Before Going Over.*

One about to pass over a railway crossing is not cleared of the charge of negligence by the mere fact that he stopped his vehicle at a point where his view of the tracks was obstructed. The stop must be made at a point effective for looking upon down the tracks and ascertaining whether a train is approaching.

Roettinger, J.

At the conclusion of the plaintiff's evidence the defendant moved the court to arrest the case from the jury and to instruct the jury to return a verdict for the defendant, which motion the court granted, and it is on this alleged error of the court that plaintiff has based his motion for a new trial.

The evidence of the plaintiff, in brief, shows the following state of facts:

On December 13, 1919, the date of the accident, plaintiff was in the employ of The George H. Strietmann's Sons Company, as a chauffeur, and was driving one of their Rambler delivery trucks (with the operation of which he was familiar) northwardly along Simpson avenue in Madisonville, Cincinnati, Ohio, and attempted to cross the tracks of the B. & O. S. W. R. R. at the Simpson avenue crossing. At this point the tracks run approximately east and west, the trains going toward the city running in a generally westerly direction.

The plaintiff testified that he had been crossing the railroad at this crossing at least twice a week for about a year so that, of course, he is charged with knowledge of the locality.

There were four tracks in all that had to be crossed. First in order, a spur track leading down to the yards of The Seattle Lumber Company on the east or to the right of Simpson avenue as one approached from the south; next, the east bound main track; next, the west bound main track; and next, a coal siding. The train which struck the truck which the plaintiff was driving was proceeding toward the city on the west bound main or third track. The evidence shows that from the south rail of

the spur or first track to the south rail of the west bound main or third track, the distance was 29 ft. 11 in. The evidence also shows that plaintiff stopped his truck before attempting to cross the tracks, and the point at which he stopped the truck was 25 or 26 feet south of the south rail of the spur, or a distance of 54 feet, 11 in. south of the south rail of the west bound main, the track on which the train was running.

At this point the plaintiff stopped his truck and looked and listened, but his view was cut off both to the east and west by box cars standing on the spur. He testified that to his right or toward the east there was a cut of box cars standing on the spur, at least 20 feet (and possibly more) from the crossing. He stated that these cars interfered with his vision and prevented a clear view of the main track toward the east.

Not seeing anything approaching, he proceeded to cross the tracks without stopping again, and devoting most if not all of his attention to the operation of his truck, and looking straight ahead, or to the north.

The record shows that after the plaintiff was on the spur track, the cut of cars would no longer interfere with his view, and that one could see up the tracks toward the east, for a distance of at least a half mile. Further, the plaintiff testified that his brakes were in good order and that, traveling at the rate of speed at which he ordinarily traveled, he could stop his truck within ten feet.

We hold that one about to cross a railroad track, must stop his vehicle at a point which is an effective point for the purpose of looking up and down the track, and the mere act of stopping once, particularly at a point where one's view is obstructed, is not enough to clear a plaintiff of the charge of negligence. The very fact that the box cars cut off the plaintiff's view should have put him on his guard, and caused him to use greater caution, 15 C.C.(N.S.), 124; 187 Pac. 586; 108 Atl. 175; 56 S. E. 155; 103 S. W., 115.

We are of the opinion that the negligence of the plaintiff was such as to require the court to arrest the case from the jury and instruct the jury to return a verdict in favor of the defendant.

An entry may be prepared in accordance with the terms of the opinion.