Gallagher *v.* Phila. R. T. Co., Appellant.

Argued September 30, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Thomas B. K. Ringe,* and with him *Bernard J. O'Connell,* for appellant.

*Leo MacFarland,* for appellee.

OPINION BY TREXLER, P. J., December 11, 1931:

This is an action of trespass against the Philadelphia Rapid Transit Company arising out of the following occurrence.

On December 28, 1929, about 6:30 P. M., plaintiff was driving his automobile south on Croskey Street intending to turn west into Snyder Avenue. Snyder Avenue has a double line of trolley tracks in its center with a roadway on each side of the street between the tracks and the curb. When plaintiff reached the avenue, he found a truck parked between the west bound trolley line and the near curb of Snyder Avenue, so, as he alleges, he could not turn west, there not being enough space to accommodate his car. There was a line of parked trolley cars, four or five on the west bound track, the track nearest to the plaintiff. The trolley cars so parked were lighted and the plaintiff's line of vision to his right was cut off. He slowed down his machine, passed the end of the line of standing trolley cars and proceeded until the front of his car was on the east bound trolley tracks, and looking to his right, saw a car a hundred feet away

approaching at a speed at what he estimated was twenty miles an hour. He tried to get off the track, but his "car wouldn't pick up." The trolley car struck him and the injuries to his person and property resulted which are the subjects of this suit.

A verdict for the plaintiff was sustained by the lower court on the ground that the plaintiff did everything that was required of him under the circumstances, that the parked trolley cars interfered with his vision and he could not see until he was on the track and when he was on the track, the trolley car which was a hundred feet away should have stopped and thus avoided the accident.

It was settled in the case of Smathers v. Pittsburgh & Butler Street Rwy. Co., 226 Pa. 212, in an opinion by Justice ELKIN that the rule of stop, look and listen does not apply in its entirety to street railway crossings, but that all that is required in the first instance is to look and when the view of the driver in approaching the track is obstructed so that he cannot see, then it becomes his duty to listen. It is an imperative duty to look immediately before going upon the tracks and failure to do so is negligence. When "his view is obstructed so that he cannot see, then it becomes his duty to listen" and "under some circumstances, it may be his duty to stop, as if when he looks and listens, he still is in doubt about the location and movement of the car." "If in any of these situations, he fails in the performance of the duty required, he is guilty of contributory negligence and cannot recover."

In Miller N. Broad St. Storage Co. v. P. R. T., 62 Pa. Superior Ct. 568, we held that the rule that one must look is entirely useless when the driver by his own act finds himself in such a position that when he looks the danger cannot be avoided.

In Smith v. Lehigh Valley Transit Co., 296 Pa. 212, Justice WALLING states that the "look is of no avail

when he who looks must enter upon the track regardless of what he sees.''

The object of the rules just above referred to was to enable the traveller to ascertain the position and movement of the electric cars that he may avoid entering upon the track in case of danger: Gottlieb v. Scranton Rwy. Co., 99 Pa. Superior Ct. 7. This plaintiff should not have subjected himself to an unknown hazard. Being deprived of the use of his sight for the particular purpose for which it was sorely needed at the time, his plain duty was to stop so that he could use his sense of hearing. If he had done so, the chances are that he would have heard the approaching car, but, be that as it may, he omitted a plain duty, when he continued to advance when he should have stopped and listened.

The judgment is reversed and is now entered in favor of the defendant.