## McMillan, Admrx., v. Pennsylvania Railroad Co.

Argued January 19, 1933. Before Frazer, C. J., Schaffer, Maxey, Drew and Linn, JJ.

*Martin Silvert,* for appellant.—Under the New Jersey Statute, the decedent was absolved from the duty of stopping, looking and listening: Fernetti v. R. R., 87 N. J. L. 268; Baer v. Ry., 93 N. J. L. 85; Snuffin v. McAdoo, 93 N. J. L. 231.

It is for the jury to determine whether the exercise of due care required the driver to go forward to a better place of observation: Guilinger v. R. R., 304 Pa. 140; Siever v. Ry., 252 Pa. 1; Hoffman v. R. R., 278 Pa. 246; Razzis v. Ry., 273 Pa. 550; Rice v. R. R., 271 Pa. 180; Tomlinson v. Electric Co., 301 Pa. 72; Wade v. R. R., 307 Pa. 259.

The failure of warning devices to function is entitled to great weight in determining the question of contributory negligence: Johnson v. Director General of Railroads, 278 Pa. 491; Gelwicks v. R. R., 301 Pa. 68.

If one about to cross a railroad track has stopped, looked and listened at a proper place, there is no duty upon him to again stop, look or listen after starting to cross the track: Thomas v. R. R., 275 Pa. 579; Murtagh v. R. R., 271 Pa. 290.

*Philip Price,* with him *Barnes, Biddle & Myers,* for appellee.—Plaintiff decedent was guilty of contributory negligence: Weber v. R. R., 300 Pa. 351; Rhodes v. R. R., 298 Pa. 101; Lamp. v. P. R. R., 305 Pa. 520; Radzie-

menski v. R. R., 283 Pa. 182; Carroll v. R. R., 12 W. N. C. 348; Lunzer v. R. R., 296 Pa. 393; Mensch v. R. R., 274 Pa. 356; Grimes v. R. R., 289 Pa. 320; Morningstar v. R. R., 290 Pa. 14; Tull v. R. R., 292 Pa. 458; Haskins v. R. R., 293 Pa. 537.

That a driver must look "immediately before entering" the track cannot now be disputed: Patton v. George et al., 284 Pa. 342, 344; Woomer v. Altoona, etc., R. R., 80 Pa. Superior Ct. 261, 265; Griffiths v. Lehigh Valley Tr. Co., 292 Pa. 489, 493; Mack v. Atlantic City R. R. Co., 92 Pa. Superior Ct. 455, 458; Joseph v. Pittsburgh & W. Va. Ry., 294 Pa. 315, 321.

OPINION BY MR. JUSTICE SCHAFFER, March 20, 1933:

This action was brought by the plaintiff as administratrix ad prosequendum of her deceased husband to recover damages for his death. He was killed in a grade crossing accident in the State of New Jersey, when the automobile which he was driving was struck by defendant's train. The jury found in plaintiff's favor. Judgment for defendant non obstante veredicto was entered by the court below and we have this appeal by plaintiff.

A reading of the entire record produces the unhesitating conclusion that the deceased came to his untimely end through his own lack of care. Driving his automobile, with his sister-in-law, who was also killed, and her daughter who survived, then nine years of age, on the rear seat, he approached defendant's railroad which crosses the highway on which he was traveling at grade and at an angle of seventy degrees. He was going north. There were three tracks, two of them sidings, which he crossed before coming to the main track on which he was struck. The first siding was 110 feet from the main track, the second 45 feet distant therefrom. Between this second siding and the main track to the east (his right) was the Maple Shade station of defendant 59 feet from the highway. The station building was 75 feet long, located about 11 feet south of the south rail of the

main track. It was testified by the child who was in the automobile with him that the deceased stopped twice as he approached the railroad, once before he came to the railroad station and again "after we passed the edge of the railroad station house, and he came to a stop again, and looked both ways." He then drove on and at about the middle of the main track was struck by the train consisting of an engine, tender, nineteen heavily loaded freight cars and a caboose. The length of the train was about 900 feet.

We are concerned with what opportunities the decedent had to observe the train which approached from his right at the times it was testified that he did look. Before coming in line with the station, he had a view in the direction of the approaching train for over 2,000 feet. As he came abreast of it his view was obstructed by the station. After reaching a point in line with the front of the station and when from his seat in the automobile he was 17 or 18 feet from the main track his view extended along it for over 100 feet. Fifteen feet from the main track his view increased and at that distance reached along the track toward the approaching train for at least 250 feet. This appears not only from the testimony, but convincingly so by the photographs and surveyor's plan. When he was within ten feet of the track he could see along it for over 2,000 feet. The speed of the train was about 30 miles an hour. The date of the accident was August 17, 1928; the time about seven o'clock p. m. Sunset was at 6:55. The headlight of the engine was shining. It was raining and there was some mist and fog. The testimony clearly establishes, however, that there was amply sufficient visibility for the deceased to see the train if a careful observation was made. Witnesses called by plaintiff, who were some distance from the crossing, admit that they saw the train. One of them said, "You could see, but not clearly. It was foggy."

Under these circumstances unquestionably the deceased was contributorily negligent. "Where a person

drives an automobile in front of a rapidly approaching train, which he could have seen if he had looked, he cannot recover for injuries sustained": Lunzer v. Pittsburgh & Lake Erie R. R. Co., 296 Pa. 393. Hepps v. Bessemer & Lake Erie R. R. Co., 284 Pa. 479, in which recovery was denied, is very similar on its facts to the case at bar. There the opportunity for view of the train, which was running at a speed of from 35 to 40 miles an hour at a point 10 or 15 feet from the track, was between 200 and 250 feet.

The Statute of New Jersey (Compiled Statutes of New Jersey, volume 3, section 36b, page 4238, P. L. 1909, page 137), offered by plaintiff and quoted in the Reporter's notes, has no pertinence to the inquiry we have pursued: whether the deceased was guilty of contributory negligence. It was a disputed question under the testimony whether the bell and electric light signals for the crossing were working. Under the New Jersey act, a traveler approaching a railroad crossing is entitled to assume such warning appliances are in good order unless a written notice that they are out of order is posted in a conspicuous place on the crossing. It is provided that if such notice is not given, recovery shall not be barred because of the failure of the person injured or killed to stop, look and listen before passing over the crossing. Here, however, the plaintiff's testimony is that the deceased did stop and that he looked, and, therefore, the act has no bearing on the question of his contributory negligence in proceeding in spite of what he must have seen. It is well settled in this State that one cannot be heard to say that he looked and did not see, when the facts show he must have seen: Weber v. Pittsburgh & W. Va. Ry., 300 Pa. 351. If he took the chance of crossing in front of the approaching train, he was guilty of contributory negligence: Zotter v. Lehigh Valley R. R. Co., 280 Pa. 14; Radziemenski v. B. & O. R. R. Co., 283 Pa. 182.

The judgment is affirmed.