## Schwenk, Appellant, *v.* Pennsylvania Railroad Company.

Argued May 22, 1934. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY and LINN, JJ.

*Homer L. Kreider,* with him *Benjamin L. Levi,* for appellant.

*Spencer G. Nauman,* with him *John McI. Smith,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, June 30, 1934:

Plaintiff recovered a verdict for personal injuries sustained by him when one of defendant's locomotives collided with an automobile in which he was riding as a guest. Defendant moved for judgment non obstante veredicto, alleging a number of reasons why it should be entered. The court below considered them at length, and decided that all but one of them was without merit; but, on that one (namely, whether or not plaintiff was guilty of contributory negligence in not constantly and with the utmost care looking and listening until the automobile was safely across defendant's tracks), it entered a judgment for defendant, and therefrom plaintiff took this appeal. As we agree with the court below on that point, it is the only matter we need consider in this opinion.

The applicable facts are these: On a clear morning in the fall of 1929, plaintiff and his two brothers, James and Adam, left their home in the Borough of Elizabethville in this State, in an automobile belonging to James, but being driven by Adam, who was alone on the front seat, plaintiff and James then occupying the rear seat. They proceeded northwardly along Market Street in the borough until they neared defendant's right of way, which there made a right angled crossing of the street at grade. In crossing the right of way the automobile had to pass over a railroad siding five feet two inches wide, then a six feet wide open space, and finally the main railroad track, also five feet two inches wide. The automobile came to a stand-still at the usual stopping place about four feet south of the south track of the siding and about five feet west of the eastern curb of Market Street. There was at that time one of defendant's railroad stations, located forty-five feet east of Market Street, facing north; and, partly in front of it, on the siding, was a standing box car, the western end of which was fourteen feet east of the eastern curb of Market Street. This placed the western end of the box

car nineteen feet east of the eastern side of the automobile, and the northern side of the box car about ten feet north of the north end of the automobile, the effect being, as appellant contends, that the "view of the passengers in the automobile was obstructed by the box car so that they could see from where they stopped, looked and listened, a distance of only seventy-five feet" eastwardly along the main track of the railroad, from which direction the colliding locomotive came. They further contend that plaintiff and each of his brothers personally looked as far as possible in that direction, and also carefully listened, but they neither saw nor heard anything and hence started across the tracks. Assuming all these matters to be true, as we must and do, up to this time there was no contributory negligence by plaintiff or either of his brothers.

As the automobile proceeded across the tracks, its occupants, if continuing to look, could see further and further eastwardly along defendant's main track until they were parallel with the north side of the standing car, at which time and from then on that car altogether ceased to obstruct their view of the main track and the locomotive which was on it. At this time the automobile had already passed over about one-half of the right of way, but still had to cross the six-foot space between the tracks (less so much thereof as was overhung by the north side of the box car), and the main track five feet two inches wide.

Appellant alleges that the speed of the automobile while crossing the right of way was about four or five miles an hour and that he and his brothers did not observe the colliding locomotive until they had also passed over the six-foot open space, and were half way across the main track. He alleges it was then only about 6 feet away and was traveling towards them at a speed of eight or ten miles an hour. Much point is made in his brief that this rate of speed, though testified to by his witnesses also, was evidently a mistake, and should

not be utilized for the purpose of sustaining the judgment. From the distance the locomotive traveled after the collision, before coming to a standstill, it is probable that neither the testimony regarding the speed of the locomotive, nor as to its distance away when plaintiff says he first saw it, should be exclusively relied on in determining the question of defendant's negligence; but, on the point of plaintiff's contributory negligence, neither is of importance and hence neither is given consideration by us.

Plaintiff and his brothers were thoroughly familiar with the crossing, had passed over it daily for some five months immediately before the accident, and knew it was dangerous. When they reached it on the day of the accident, they say that not the driver only but all three of them looked and listened for approaching trains; indeed plaintiff so avers in his amended statement of claim. In so doing, they each saw the box car which obstructed their view eastwardly along the main track, and knew, therefore, that they were required to exercise the utmost care before they attempted to cross it.

Plaintiff knew this as well as did his brother who was driving the automobile, and hence, though a guest, he had a duty to continue looking carefully in that direction and of warning the driver on the first appearance of danger, though he might not, under other circumstances, have had such a duty. If he had continued to look carefully, he would have seen the approaching locomotive, no matter what its speed, immediately after the automobile passed the line of the northern side of the obstructing box car, could then have warned the driver, and, if need be, could have jumped from the automobile while it was still in the six-foot open space between the siding and the main track. That he did not see the locomotive, as he says he did not, until the automobile had passed entirely across the six-foot open space, and was also half across the main track five feet two inches wide on which the locomotive was, conclu-

sively proves either that he did not continue looking, as it was his duty to do, or that he did not "look and listen, *constantly and with the utmost care,* till he had passed safely over the track," as it was also his duty to do: Kolich v. Monongahela R. R. Co., 303 Pa. 463, 467; Hawk v. Penna R. R. Co., 307 Pa. 214. The record is wholly barren of any explanation of or excuse for his failure to see the locomotive immediately after the automobile had passed beyond the point where the box car obstructed his view to the east, although the track was straight, as the plan shows, for the distance of about half a mile, and there was then nothing, so far as the record discloses, in any way interfering with his view for that entire distance. This being so, he was contributorily negligent, whether the locomotive was running at the rate of eight or a much greater number of miles per hour: Clark v. Pittsburgh Railways Co., 314 Pa. 404.

The judgment of the court below is affirmed.