Petruskewicz, Appellant, *v.* Reading Company.

Argued April 26, 1935. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Allen Spangler,* for appellant.

*Wm. Clarke Mason,* for appellee.

PER CURIAM, June 29, 1935:

Plaintiff appeals from the entry of a nonsuit in her action to recover damages for the death of her husband, who met his death November 30, 1932, when the automobile in which he was riding to work with his mining partner, Joseph Sylvocki (who also was fatally injured), was struck by defendant's train at the grade crossing on Locust Gap Road near Kulpmont, Northumberland County.

Giving plaintiff the benefit of the most favorable testimony of her witnesses, which was contradictory on important points and disputed by defendant, the facts appear as follows: The accident occurred about 6:15 a. m. on a dark, foggy morning, when visibility was limited. As the automobile reached the crossing, traveling westward, it stopped for a "second or so," then slowly crossed the northbound track and the intervening space and was struck on the southbound track by the engine of defendant's train. Plaintiff's witnesses testified they were unable to see more than six to ten feet in front of them without the aid of lights because of the fog, no warning whistle or bell was sounded, the signal lights located at the crossing were not operating, and that the train was traveling at a speed of about fifty miles an hour without a headlight. The accident happened, however, in open, quiet country, and not even a suggestion is made to explain why plaintiff and his partner could not hear the approaching train even though they could not see it. Their duty to listen was not less than their duty to look: Matesky et al. v. Lehigh Valley R. R. Co., 312 Pa. 233, 236. Since no reason appears why decedent could not, if he had listened, have heard what the uncontroverted physical facts indicate was no doubt plainly audible, it cannot be assumed he did listen: O'Neill v. Reading Co., 296 Pa. 319, 322-3; McMillan v. P. R. R., 311 Pa. 163. Moreover, plaintiff's decedent and his partner had been traveling to work together over this road every morning for a considerable period of time, and the work train by which they were struck ran daily at that hour, so that in

addition to the need for care imposed by the darkness and fog (Shoffner v. Schmerin, 316 Pa. 323, 326), they were under a particular obligation to exercise caution at this crossing, both before they entered upon it and as they slowly proceeded, knowing the danger was imminent: Kolich v. Monon. Ry. Co., 303 Pa. 463, 467-8; Schwenk v. P. R. R. Co., 315 Pa. 437-8.

Under such circumstances decedent was guilty of contributory negligence and the court below properly entered a nonsuit. Appellant's assignments of error, relating to the refusal of the trial judge to admit, as part of the res gestæ, testimony concerning conversation relating to the lack of a headlight on the train is immaterial.

The judgment of nonsuit is affirmed.