## Goldscheiter *v.* Baltimore & Ohio Railroad Company, Appellant.

Argued April 28, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

reargument refused,
August 19, 1943.

*Vincent M. Casey,* of *Margiotti, Pugliese & Casey,* for
appellant.

*A. H. Rosenberg,* for appellee.

Opinion by Stadtfeld, J., July 16, 1943:

This is an action of trespass initiated in the court below following a collision between the plaintiff's truck and a freight train of the defendant. According to the testimony given on behalf of the plaintiff by Warren Smith, the driver of the truck, which we must accept as true upon this appeal, the new Dodge truck was proceeding along the Craigsville Road in Armstrong County, carrying a load of mine or pit posts from Craigsville to the Harwick Mine in Allegheny County, on a snowy, foggy day, December 3, 1940. In order to get to his destination, it was necessary for the plaintiff's employee to cross three tracks of the defendant, appellant herein. He arrived at this crossing of approximately 50 feet shortly after noon. The crossing was not strange to him, for he had driven over it for six months, and once earlier on the same day as that of the accident. He stopped at the usual place for vehicles, some 10 or 15 feet from the first track, at the foot of a grade leading up to the tracks. He looked and listened, saw and heard nothing to warn him of imminent danger. His view to his right was limited to 100 feet because of snow, fog, and trees. The tracks in that direction lay in a sharp curve to his right, while the road leading over the tracks angled to his left. Deeming it safe to go on, plaintiff's driver put the truck into low gear and proceeded up the grade at 3 miles an hour to the first track, a siding. Upon reaching the first rail, his view to his right increased to 150 feet. He again looked and listened, with his left window half-way down, but saw and heard nothing. The electric signal lights on both sides of the road were not flashing. He continued to look and listen as he crossed the first and second tracks, but his view to his right decreased as he proceeded because of the sharp curve in the tracks to his right and behind him. He heard neither the sound of an approaching freight train nor a whistle or bell. As soon as the front wheels

of the truck had crossed over the first rail of the third track, defendant's train came into view, coming from the right over the curve, and then but 10 or 15 feet away from the truck. The driver stopped, and as he was attempting to shift into reverse, the right front of the truck was hit and the truck was hurled 20 or 25 feet. The freight came to a stop within 25 or 30 car lengths of the scene. The right front of the truck was damaged, along with 30 of the pit posts it carried.

The witnesses of the defendant, three crewmen and two disinterested, testified variously that: the train of 69 cars was going 25 or 30 miles an hour at the time of the collision, with two engines at the head assisted by a helper engine at the rear, all under steam; that the whistle and the bell were properly sounded; that the truck did not at any time come to a stop before entering the crossing; that visibility was good and that the warning lights were flashing; that the truck struck the engine and not the engine the truck; that the freight was on the second or main track, and not the third track, which was a mine siding in use by a shifting engine at the time the collision occurred on the main track.

The jury returned a verdict for the plaintiff in the sum of $437.41, the actual damages to the truck alone, plus one cent. Defendant's point for binding instructions was refused, as also were motions for nonsuit, for a new trial, and judgment n.o.v. The defendant assigned as error, inter alia, the following instruction to the jury: "However, if you determine from the facts that the plaintiff has met the burden of proof, and you are satisfied that there was no negligence on the part of Mr. Smith that in any way contributed to the cause of this accident, and that this accident was solely due to the negligence of the engineer in the manner in which he operated the train on this day, or that it was

due to the failure of the flashing signal lights to operate properly at the time of this accident, then in that case you should bring in a verdict for the plaintiff ......"

It is the rule in this state that negligence cannot be founded upon the temporary failure of signal devices to operate, unless the defendant has notice, actual or constructive, of the defect. *Miller* v. *Penna. R. R.*, 299 Pa. 63, 149 A. 85.

It is well to recall at this point that the appellee is entitled to have the benefit of every inference favorable to his cause. In *Fulcomer* v. *Penna. R. Co.*, 141 Pa. Superior Ct. 264, 265, 14 A. 2d 593, the appellant's third assignment of error as to an erroneous portion of a charge relating to notice and constructive notice was overruled when it was found that the appellant took only a general exception to the charge, as in this case, and failed to request more specific instructions at the time of the trial. The defendant argues, however, that this is a case where the court can of its own motion reverse because of basic and fundamental error, as in *Patterson* v. *Pittsburgh Rys. Co.*, 322 Pa. 125, 185 A. 283, where the trial court failed to distinguish in its charge to the jury between the interested and disinterested witnesses of the defendant. It is reasonable to infer, however, that the jury found negligence on facts other than the mere failure of the warning lights to operate, viz., the failure of defendant's engineer to give any warning by blowing the whistle and ringing the bell. And if the jury did find negligence on both counts, only one of which is correct, it is not for this court to disturb the verdict. That the jury found negligence on facts other than the light failure is obvious, for if the jury chose to believe the version of the defendant and its witnesses, interested and disinterested, as to the blowing of the whistle and the ringing of the bell and at the same time refused to place any credit on the testimony of the driver that the whistle was not blown, etc., it is unreasonable to assume that the jury would

believe the driver's testimony that the warning lights were out of order and at the same time disbelieve the contradictory testimony of the defendant's testimony on that point. In *Sanders* v. *Penna. R. R. Co.*, 336 Pa. 424, 9 A. 2d 413, the plaintiff also failed to show that the defendant corporation had actual or constructive notice of the failure of warning lights to flash at the time of the collision and negligence was predicated upon the failure of the train crew to produce an audible signal in time to prevent a collision at the crossing. Defendant's assignment of error as to the alleged erroneous charge of the lower court is overruled, for there is no basic and fundamental error to permit this court to exercise its power to reverse.

It is the defendant's contention that the court below should have directed a verdict for the defendant because the driver of the plaintiff's truck was contributorily negligent as a matter of law. The positive testimony for the plaintiff that no audible signal was emitted by the train, contradicted by five witnesses of the defendant raised a question of fact on that point which required submission of the case to the jury for its consideration and determination. Merely because the plaintiff has only one witness, who is contradicted by five other witnesses of the defendant, two of them disinterested, is not grounds for withdrawing the case from the jury. *Zimmerman* v. *Penna. R. R.*, 302 Pa. 406, 408, 153 A. 721. The resolving of the question as to which track the collision occurred on, lay again with the jury. Whether the plaintiff's driver should have seen or heard the on-rushing train was again a jury question. The vision of the driver to the right was impeded considerably by weather conditions, trees, and the sharp curve. The physical facts rule is inapplicable here, for though a freight train under steam makes a considerable noise, it cannot be said indisputably that the driver heard the noise of the train in time to avoid the collision. The driver fulfilled his duty to stop, look,

and listen, and to continue to look and listen as he crossed the tracks. *Petruskewicz* v. *Reading Co.*, 318 Pa. 585, 179 A. 428; *Matesky* v. *Lehigh Valley R. R. Co.*, 312 Pa. 233, 167 A. 306; *Kolich* v. *Monongahela Ry. Co.*, 303 Pa. 463, 467, 154 A. 705.

In railroad crossing cases in Pennsylvania where the doctrine of incontrovertible physical facts has been applied, there appear three general situations: 1. The plaintiff is struck immediately upon entering the tracks. 2. The plaintiff knows or should know that the coming of a train is imminent. 3. No reason appears why the approach of a train was not seen or heard.

All of the cases presented by the defendant to this court for its consideration can readily be distinguished if the above is kept in mind. In *Paul* v. *P. & R. Ry. Co.*, 231 Pa. 338, 80 A. 365, the night was perfectly clear and quiet. The plaintiff and a companion were riding in an open wagon. He claimed he could see or hear nothing when he stopped 30 feet from the track. Yet, the collision occurred as soon as the horse stepped upon the track. In *Rhodes* v. *Penna. R. R.*, 298 Pa. 101, 147 A. 854, again the plaintiff stopped within a few feet of the track in open, quiet country, where he could see for 1350 feet. He was struck immediately upon entering onto the first track. In fact, the plaintiff's witness heard the noise of the train as it passed over the entire 1350 feet. In *Witkowski* v. *Lehigh Valley R. Co.*, 338 Pa. 510, 12 A. 2d 908, the plaintiff was struck on the third track, but the track was straight for a mile. In *Weber* v. *Pgh. & W. Va. Ry.*, 300 Pa. 351, 150 A. 624, the presumption that a man killed at a grade crossing performed his full duty to stop, look, and listen was rebutted by the incontrovertible physical facts. The decedent, on a clear day, had a view of 1100 feet if he had looked before crossing the second track, on which he was struck. In *Lunzer* v. *Pgh. & L. E. R. R. Co.*, 296 Pa. 393, 145 A. 907, the

day was clear, with a view of 1000 feet. The plaintiff saw the train in ample time to prevent a collision on the second track, but he thought it was coming on the first track, which he had already crossed. In *Petruskewicz v. Reading Co.*, supra, the presumption arising in behalf of a decedent was again rebutted under incontrovertible physical facts. No suggestion was made as to why he did not hear the train approach. The court placed a particular obligation on the driver to exercise caution because he drove daily over this crossing at a time when the train striking him came daily, and he knew danger was imminent. In *Taylor v. Reading Co.*, 149 Pa. Superior Ct. 171, 27 A. 2d 901, the physical facts rule was again applied, but the plaintiff knew a train was near. He heard it coming when he stopped 134 feet from the crossing, but proceeded and was struck immediately upon entering onto the tracks. He did not put himself in a position to hear by stopping again nearer the tracks.

In the case under consideration, however, the driver stopped, looked, and listened, and continued to do so as he crossed the tracks. The train was not in view when he entered the tracks. His vision to the right decreased as he progressed 30 to 40 feet while a freight train was coming around a curve at a rate of 25 or 30 miles an hour. It was a jury question whether he should have seen the freight train under these circumstances. The noise of the movement of the loaded truck, plus the roar of its motor, and the grinding of the low gear may have rendered the noise of the train inaudible to the driver. It was a question for the jury whether the driver should have heard the train under these circumstances. There was no reversible error.

Judgment for the plaintiff affirmed.